**ORIGINAL**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Civil Action No. |
| Plaintiff, | ) ) | 1:01-CV-151-3(WLS) |
| v. | ) ) | |
| PROCTER & GAMBLE PAPER PRODUCTS COMPANY, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices based on disability and to provide relief to Elwyn Neves ("Neves"), who was adversely affected by such practices. As alleged with particularity below, Defendant Procter & Gamble Paper Products Company ("Defendant Employer") transferred and eventually discharged Neves, a "qualified individual with a disability," from his employment with Defendant Employer as a Plant Technician because of his disability and/or because Defendant Employer regarded him as having a disability.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42

U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Georgia, Albany Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant Procter & Gamble Paper Products Company (the "Employer") has continuously been an Ohio Corporation doing business in the State of Georgia and the city of Albany, and has continuously employed at least fifteen (15) employees.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.  At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.  More than thirty (30) days prior to the institution of the lawsuit, Neves filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer.

All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least June 1998, Defendant Employer has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112 by transferring and eventually discharging Neves from his employment with Defendant Employer as a Plant Technician in its Albany, Georgia facility because of his disability and/or because Defendant Employer regarded him as having a disability.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Neves of equal employment opportunities and otherwise to affect adversely his status as an employee because of his disability and/or Defendant Employer's regarding him as having a disability.

10. The effect of the practices complained of in paragraph 8 above has been to inflict emotional pain, suffering, and inconvenience upon Neves, and to deprive Neves of the financial and other benefits of working for Defendant Employer.

11. The effect of the practices complained of in paragraph 8 above were intentional.

12. The effect of the practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Neves.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability.

B. Order Defendant Employer to institute and carry out policies, practices, and

programs that provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendant Employer to make whole Neves by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

  D. Order Defendant Employer to make whole Neves by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraph 8 above, including job search expenses and medical expenses, in amounts to be determined at trial.

  E. Order Defendant Employer to make whole Neves by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraph 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant Employer to pay Elwyn Neves punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint.

[signatures on following page]

GWENDOLYN YOUNG REAMS
Acting Deputy General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

_____
S. ROBERT ROYAL
Regional Attorney
Georgia Bar No. 617505

_____
STEVEN M. TAPPER
Senior Trial Attorney
Georgia Bar No. 698018

U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
ATLANTA DISTRICT OFFICE
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:   (404) 562-6820 or 6932
Facsimile:   (404) 562-6905