**ORIGINAL**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>and<br><br>ELWYN NEVES,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>PROCTER & GAMBLE PAPER<br>PRODUCTS COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No.<br>     1:01-CV-151-3 (WLS) |

## SETTLEMENT AGREEMENT

The Equal Employment Opportunity Commission ("Plaintiff" or "EEOC"), Elwyn Neves

("Plaintiff-Intervenor" or "Mr. Neves"), and the Procter & Gamble Paper Products Company

("P&G"), in order to resolve the above-captioned lawsuit without the expense, delay and burden

of further litigation, hereby enter into this Settlement Agreement ("Agreement") as set forth

below:

1. This Agreement is made for purposes of settlement and compromise only, and P&G,

by entering into such Agreement, makes no admission of liability. This Agreement shall not

constitute an adjudication on the merits of this lawsuit and shall not be construed as an admission

by P&G of any violation of the Americans with Disabilities Act ("ADA") or any executive order,

law, rule or regulation. This Agreement shall not be admissible or relied upon by any person,

agency or other entity as evidence of or indication of any improper or illegal acts by P&G in any other judicial or administrative proceeding for any purpose except to enforce the terms of this Agreement.

2.  This Agreement is intended to and does resolve all matters in controversy in this lawsuit between the Plaintiff, Plaintiff-Intervenor and P&G, and constitutes a fair and equitable settlement of all issues in the instant lawsuit.

3.  P&G shall pay to Plaintiff-Intervenor's counsel within 14 days of the signing of this Agreement a $47,500.00 check payable to "The Mathis Law Firm as attorneys and agents for Elwyn Neves." Within five days of it being delivered to Plaintiff-Intervenor's counsel, P&G shall mail a copy of such check to the attention of S. Robert Royal, Regional Attorney, Atlanta District Office, Equal Employment Opportunity Commission, 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303. This payment shall not be deemed an admission of liability by P&G, by which liability is expressly denied, but instead represents the compromise of a disputed and challenged claim.

4.  P&G shall respond to all future employment references or inquiries concerning Mr. Neves by providing only dates of employment and position held.

5.  Within five days after full payment of the amount described in paragraph 3,  the parties shall file with the Court a Stipulation of Dismissal with a copy of a fully executed Agreement attached as Exhibit 1 to such Stipulation of Dismissal. Such Stipulation of Dismissal shall be with prejudice and in the form attached hereto as Exhibit A.

6.  By entering into this Agreement, the parties do not intend to resolve and are not

resolving other charges of discrimination, if any such charges exist, currently pending before the EEOC other than charge number 110984341, filed by Mr. Neves, which created the procedural foundation for the lawsuit in this case.

Effective upon full execution of this Agreement, Plaintiff releases and forever discharges P&G, its successors, assigns, officers, directors, shareholders and employees from any and all claims alleged in the instant lawsuit and any and all claims and causes of action alleged in the charge of discrimination filed by Mr. Neves, EEOC Charge No. 110984341.  This Agreement, however, in no way effects or limits the EEOC from pursuing litigation based on other EEOC charges related to individuals other than Mr. Neves.

Effective upon full execution of this Agreement, Plaintiff-Intervenor (Mr. Neves) releases and forever discharges P&G, its successors, assigns, officers, directors, shareholders and employees from any and all claims alleged or which could have been alleged in the instant lawsuit, any and all claims and causes of action alleged or which could have been alleged in the charge of discrimination filed by Mr. Neves, EEOC Charge No. 110984341, and any other claims and causes of action arising out of his employment with P&G.   In addition, as part of the consideration for entering into this agreement, Mr. Neves will execute a separate General Release and Settlement Agreement regarding his claims.

7.  This Agreement shall be binding upon the parties, their successors and assigns.

8.  The Court shall retain jurisdiction of this case for six months solely for purposes of

enforcement of this Agreement.

      9. Each party shall bear its/his own costs and attorney's fees.

GWENDOLYN YOUNG REAMS
Associate General Counsel

S. ROBERT ROYAL
Ga. Bar Number: 617505
STEVEN M. TAPPER
Senior Trial Attorney
Ga. Bar Number: 698018

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Atlanta District Office - Legal Unit
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303
(404) 562-6820 (direct) or -6932 (general)
(404) 562-6905 (fax)

Attorneys for Plaintiff Equal Employment Opportunity Commission

CHARLES A. MATHIS, JR.
Ga. Bar Number: 477025
DOUGLAS P. McMANAMY
Ga. Bar Number: 497735
THE MATHIS LAW FIRM
311 W. Broughton Street, 1ˢᵗ Floor
Savannah, Georgia 31401
(912) 234-3333
(912) 234-8818 (fax)

4

JOHN G. SKINNER
Georgia Bar No. 650600
HAYNSWORTH, BALDWIN,
         JOHNSON & GREAVES
2500 Windy Ridge Parkway, Suite 1250
Atlanta, Georgia 30339-5681
((770) 541-4940
((770) 541-4954 (fax)

Attorneys for Defendant The Procter & Gamble Paper Products Company

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| and | ) ) | Civil Action No. |
| ELWYN NEVES, | ) ) | 1:01-CV-151-3 (WLS) |
| Plaintiff-Intervenor, | ) ) | |
| v. | ) ) | |
| PROCTER & GAMBLE PAPER PRODUCTS COMPANY, | ) ) ) | |
| Defendant. | ) | |

## STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Fed.R.Civ.P. 41(a)(1)(ii), the Equal Employment Opportunity Commission

("EEOC"), Elwyn Neves ("Mr. Neves"), and The Procter & Gamble Paper Products Company

("P&G"), stipulate to the dismissal of the above-captioned action with prejudice as follows:

1. The parties have reached an agreement to compromise and settle all matters in

controversy between them in this lawsuit and have reduced their agreement to writing. A copy of

the Settlement Agreement is attached hereto as Exhibit 1 and is hereby made a part of this

Stipulation of Dismissal.

2. The Court shall retain jurisdiction of this case for six months solely for the purpose of

enforcing the terms of the Settlement Agreement.

3. Each party shall bear its/his own costs and attorney's fees.

## EXHIBIT A

4. EEOC's and Mr. Neves' claims against P&G are dismissed with prejudice.

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
S. ROBERT ROYAL
Ga. Bar Number: 617505
STEVEN M. TAPPER
Senior Trial Attorney
Ga. Bar Number: 698018

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Atlanta District Office - Legal Unit
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303
(404) 562-6820 (direct) or -6932 (general)
(404) 562-6905 (fax)

Attorneys for Plaintiff Equal Employment Opportunity Commission

_____
CHARLES A. MATHIS, JR.
Ga. Bar Number: 477025
DOUGLAS P. McMANAMY
Ga. Bar Number: 497735
THE MATHIS LAW FIRM
311 W. Broughton Street, 1st Floor
Savannah, Georgia 31401
(912) 234-3333
(912) 234-8818 (fax)

Attorney for Plaintiff-Intervenor Elwyn Neves

[signatures continued on following page]

_____

JOHN G. SKINNER
Georgia Bar No. 650600
HAYNSWORTH, BALDWIN,
     JOHNSON & GREAVES
2500 Windy Ridge Parkway, Suite 1250
Atlanta, Georgia 30339-5681
((770) 541-4940
((770) 541-4954 (fax)

Attorneys for Defendant Procter & Gamble Paper Products Company


     IT IS SO ORDERED, this ___ day of _____, 2003.


          _____

          W. LOUIS SANDS, CHIEF JUDGE
          UNITED STATES DISTRICT COURT

3